SAM HOGAN and WALT COOK v. STATE.
No. A-1752.   Opinion Filed June 28, 1913.
Appeal from Garfield County Court;
Winfield Scott, Judge.

Sam Hogan and Walt Cook were convicted of unlawfully selling intoxicating liquors and appeal. Affirmed.

W. O. Cromwell, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. This appeal is prosecuted from a conviction had in the county court of Garfield county, on the 24th day of April, 1912. The verdict of the jury, omitting the formal parts, is as follows: "We the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the defendants guilty as charged in the information, and assess the punishment of Sam Hogan at ninety days in the county jail and a fine of two hundred and fifty dollars and assess the punishment of Walt Cook at one hundred and eighty days in the county jail and a fine of five hundred dollars. (Signed) Jos. M. McCoy, Foreman."

An appeal was taken by filing in this court June 1st, 1912, a petition in error with case-made. The questions presented have heretofore been passed upon and determined adversely to the contentions of the learned counsel for plaintiffs in error. It is sufficient to say that the guilt of the plaintiffs in error was satisfactorily proven, and no testimony was offered in this behalf. Finding nothing that would justify a reversal, the judgments of conviction are hereby affirmed and the cause remanded to the county court of Garfield county, with direction to enforce its sentence therein.

SCOOT SCOTT v. STATE.
No. A-1720.   Opinion Filed June 28, 1913.
Appeal from Cherokee County Court;
J. T. Parks, Judge.

PER CURIAM. Scoot Scott, plaintiff in error, was convicted of unlawfully selling one pint of whisky to Roscoe Wallace for one dollar, on or about May 1st, 1911. On January 3rd he was sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars, and he appeals. No brief has been filed. We have examined the record and find no error which will warrant a reversal of the judgment. It is therefore affirmed.